**HE GUI ZHENG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 08–0461–ag.**

United States Court of Appeals, Second Circuit.

Dec. 17, 2008.

Petitioner Pro se.

Gregory G. Katsas, Assistant Attorney General; Mark C. Walters, Assistant Director; Arthur L. Rabin, Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Petitioner He Gui Zheng, a native and citizen of the People's Republic of China, seeks review of the January 22, 2008 order of the BIA denying his motion to reopen. *In re He Gui Zheng*, No. A78 745 479 (B.I.A. Jan. 22, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found . . . where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

We find that the BIA did not abuse its discretion in denying Zheng's motion to reopen as untimely. A motion to reopen must be filed within 90 days after the date on which a final administrative decision was rendered in the proceeding sought to be reopened. *See* 8 C.F.R. § 1003.2(c)(2). Here, it is undisputed that Zheng's motion to reopen was untimely. However, the

time limit does not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Such changes are regularly referred to as "changed country conditions" and distinguished from "changed personal circumstances." *Jian Huan Guan v. BIA,* 345 F.3d 47, 49 (2d Cir.2003).

Here, Zheng argued in his untimely motion that his proceedings should be reopened because: (1) his wife is a Falun Gong practitioner, and he feared harm "as a close relative of [a] Falun Gong practitioner"; (2) his wife was six months pregnant, and his detention in this country brought her anxiety and depression; and (3) his deportation would mean that his child would never see her father. Because none of these assertions describe changed country conditions, the BIA did not abuse its discretion in denying Zheng's motion to reopen. 8 C.F.R. § 1003.2(c)(3)(ii); *Jian Huan Guan,* 345 F.3d at 49.

 To the extent Zheng argues that his case is analogous to *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006), we will not consider that unexhausted argument. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007) (describing issue exhaustion as "mandatory"). Finally, to the extent that Zheng challenges the BIA's decision not to exercise its *sua sponte* authority to reopen, we are without jurisdiction to consider that decision. *See Azmond Ali v. Gonzales,* 448 F.3d 515, 517–18 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. However, Zheng claims to have been removed to China in March 2008 notwithstanding his filing of a motion for a stay of removal pending decision of his petition, the government's representation that it did not oppose the motion, and the forbearance agreement between the government and this Court by which an alien who has filed such a motion would not be removed pending decision of the motion. As the government did not respond to this claim in its brief, the government IS HEREBY ORDERED to file in this Court, within fifteen (15) days of the date of this order, an affidavit indicating: (1) whether it breached the forbearance agreement and/or contradicted its representation that it did not oppose the stay, and (2) if so, why it should not be sanctioned as a result. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 46, 50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (holding that federal courts have the inherent power to sanction "a full range of litigation abuses"). The petitioner may file a response to the government's affidavit within fifteen (15) days of the date on which the government's affidavit is filed. As we have otherwise completed our review of the petition, the pending motion for a stay of removal is DISMISSED as moot.